CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 13 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAILY EXPRESS, INC., | ) |
| Plaintiff, | ) Civil Action No. 7:11CV00159 |
| v. | ) **MEMORANDUM OPINION** |
| HOWELL'S MOTOR FREIGHT, INC., | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

This diversity action arises from an accident that occurred in the parking lot of a truck stop in Raphine, Virginia. On October 13, 2009, a commercial motor vehicle operated by Howell's Motor Freight, Inc. ("Howell's") struck a windmill blade that Daily Express, Inc. ("Daily Express") was transporting for General Electric Company, causing irreparable harm to the blade. Daily Express was required to pay for the damage, pursuant to its contract with the shipper. On April 1, 2011, Daily Express filed the instant action against Howell's, asserting claims of negligence, indemnity, and contribution. Daily Express maintains that the negligent conduct of Howell's was the sole and proximate cause of the damage sustained by the blade. On May 5, 2011, Howell's moved to dismiss the indemnity and contribution claims. The court held a hearing on the motion on July 8, 2011. For the reasons explained during the hearing and for those set forth below, the court will take the motion under advisement.

Under Virginia law, a claim for equitable indemnification "arises when a party without personal fault, is nevertheless legally liable for damages caused by the negligence of another." Carr v. Home Ins. Co., 463 S.E.2d 457, 458 (Va. 1995). "Equitable principles allow the innocent party to recover from the negligent actor for the amounts paid to discharge the liability." Id. A "prerequisite to recovery" under this theory, however, "is the initial determination that the negligence of another person caused the damage." Id.

"The right of contribution is based on the equitable principle that when two or more persons are subject to a common burden, their responsibility shall be borne equally." Sullivan v. Robertson Drug Co., 639 S.E.2d 250, 255 (Va. 2007). Under Virginia's contribution statute, "[a] right of contribution against a joint tortfeasor lies when one wrongdoer has paid or settled a claim not involving moral turpitude for which other wrongdoers also are liable." Id. (citing Va. Code § 8.01-34). The party seeking contribution bears the burden of proving that the other party's concurring negligence was a proximate cause of the injury for which damages were paid. Id.

Applying the foregoing principles, the court tends to agree with the defendant that the plaintiff's claim for equitable indemnification is premature, since there has not yet been a determination that the negligence of the defendant proximately caused the damage to the windmill blade. Additionally, given the absence of any allegation of concurring negligence on the part of the plaintiff and the defendant, the plaintiff's claim for contribution, as currently pled, is arguably deficient. Nonetheless, as discussed during the hearing on the defendant's motion, the facts may develop in such a way that the plaintiff could establish a viable claim for equitable indemnification or contribution. Rather than requiring the plaintiff to file an amended complaint or a separate action, the court will take the instant motion under advisement pending further factual development.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 11th day of July, 2011.

*[signature]*

Chief United States District Judge