CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 6 2012

JULIA C. DUDLEY, CLERK
BY:
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAILY EXPRESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:11CV00159 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HOWELL'S MOTOR FREIGHT, INC., | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

This diversity action arises from an accident that occurred in the parking lot of a truck stop. A tractor trailer operated by Howell's Motor Freight, Inc. ("Howell's") struck a windmill blade that Daily Express, Inc. ("DXI") was transporting for General Electric Company and General Electric Energy, causing irreparable damage to the blade. DXI filed the instant action against Howell's, asserting claims of negligence, equitable indemnification, and contribution. The case is presently before the court on the parties' cross-motions for partial summary judgment and the defendant's motion to exclude the plaintiff's expert. For the reasons explained during the hearing and for those set forth below, the motion for partial summary judgment filed by DXI will be denied and the motion for partial summary judgment filed by Howell's will be granted. Additionally, the court will deny the motion to exclude the plaintiff's expert.

## Background

On October 13, 2009, DXI was engaged in the transportation of a windmill blade from Wilmington, Delaware to Rupert, West Virginia. Because of the size of the windmill blade, DXI was required to obtain a hauling permit from the Virginia Department of Motor Vehicles prior to

traveling over the state's highways. The permit authorized DXI to travel on certain interstate roadways between sunrise and sunset.

At approximately 6:00 p.m., DXI's driver, Bob Long, exited off Interstate 81 and parked at the Wilco/Hess Truck Stop in Raphine, Virginia for the night. Because there was no room left in the area around the perimeter of the parking lot where Long normally stopped, he parked his truck in a double parking space in the upper left side of the lot. The back of the windmill blade faced a travel lane.

Charles Cecil Lashley, who was operating a tractor trailer on behalf of Howell's, arrived at the truck stop around midnight. The accident at issue occurred as Lashley was circling the parking lot to find a place to park. Lashley observed the DXI truck and its cargo as he made a right turn onto the travel lane in which the DXI truck was parked. Although Lashley's tractor successfully cleared the windmill blade, his trailer struck the blade and damaged it beyond repair.

DXI filed the instant action against Howell's on April 1, 2011, asserting claims of negligence, equitable indemnification, and contribution. Following the completion of discovery, DXI moved for summary judgment on the claim for negligence, and Howell's moved for summary judgment on the claims for equitable indemnification and contribution. Additionally, Howell's moved to preclude DXI from using Don D. Lacy as an expert witness. The court held a hearing on the parties' motions on June 1, 2012.

## Discussion

### I.     Motions for Summary Judgment

Under Rule 56, an award of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-movant. Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

### A. Negligence

As set forth above, DXI has moved for summary judgment on its claim for negligence. Relying primarily on Charles Lashley's deposition testimony, DXI argues that it is clear from the record that Lashley was negligent and that his negligence was the sole and proximate cause of the damage to the windmill blade. In response, Howell's argues that conflicting evidence in the record makes summary judgment inappropriate on the issue of negligence, and that a reasonable jury could find that DXI's driver was guilty of contributory negligence.

Under Virginia law, the issues of negligence, contributory negligence, and proximate cause are ordinarily issues to be decided by a fact finder. Meeks v. Hodges, 306 S.E.2d 879, 881 (Va. 1983). "Therefore, a jury should weigh the evidence, determine the credibility of witnesses, and ultimately decide these issues where reasonable minds could differ about them. Kimberlin v. PM Transport, Inc., 563 S.E.2d 665, 667 (Va. 2002). It is "[o]nly when reasonable minds could not differ [that these issues become] questions of law to be decided by a court." Id.

The Supreme Court of Virginia has held that a driver has "a duty to look with reasonable care and to heed what a reasonable lookout would have revealed." Reams v. Doe, 372 S.E.2d 405, 406 (Va. 1988). As the Court explained in Oliver v. Forsyth, 58 S.E.2d 49 (Va. 1950), "the

3

duty is to look with reasonable care, not an absolute duty to discover by looking, unless the thing to be looked for is in such plain view that looking with reasonable care was bound to have discovered it." Oliver, 58 S.E.2d at 51 (holding that the lower court erred in imposing an absolute duty to see). If a driver fails to use reasonable care to maintain a proper lookout, "he is negligent." Litchford v. Hancock, 352 S.E.2d 335, 337 (Va. 1987). See Id. ("In the discharge of his duties, a driver is required to use ordinary care to observe other vehicles . . . , to see what a reasonable person would have seen, and to react as a reasonable person would have reacted under the circumstances to avoid collision.").

Applying these principles, and viewing the evidence in the light most favorable to Howell's, the court concludes that the issue of negligence must be decided by a jury. The evidence is in dispute as to whether, and to what extent, the windmill blade was intruding into the travel lane. Whereas DXI's driver testified that both his truck and the windmill blade fit entirely within the two spaces in which he was parked, the defendant's evidence indicates that DXI's vehicle and cargo may have exceeded the combined length of the parking spaces by as much as seventeen feet. While Lashley testified on a number of occasions that he saw the windmill blade prior to striking it, it is unclear from his deposition testimony whether he saw the entire blade or fully appreciated the extent to which it may have been intruding into the travel lane. Additionally, the evidence is in dispute as to the adequacy of the truck stop's lighting, and with respect to whether the DXI driver placed cones or other warning devices around the windmill blade to caution other drivers about the oversized load.

Based on these and other factual disputes, the court is unable to conclude, as a matter of law, that Lashley was negligent. As the court noted during the hearing on the instant motions,

4

the plaintiff's case is somewhat strong based on Lashley's own deposition testimony. However, the court is convinced that this issue, and that of contributory negligence, which presents a clear jury question under the facts of this case, should be decided by a jury. Accordingly, the plaintiff's motion for summary judgment will be denied.

### B.     Equitable Indemnification and Contribution

Howell's has moved for summary judgment on the plaintiff's alternative claims for equitable indemnification and contribution. Both claims were previously the subject of a Rule 12(b)(6) motion filed by Howell's. The court took the motion under advisement pending further factual development. For the following reasons, the court concludes that Howell's is entitled to summary judgment on both claims.

The Supreme Court of Virginia has held that a claim for equitable indemnification is viable under Virginia law when "a party without fault is nevertheless legally liable for damages caused by the negligence of another." Carr v. The Home Ins. Co., 463 S.E.2d 457, 458 (Va. 1995). The Supreme Court has emphasized, however, that "a prerequisite to recovery based on equitable indemnification is the initial determination that the negligence of another caused the damages." Id. (emphasis added). In Carr, the Supreme Court held that "the elements necessary to support equitable indemnification in favor of [the insurer] were not met," since, at the time the insurer filed its motion for judgment, there had been no determination that the insured's actions were negligent or that her negligence caused the damages at issue. Id.; see also Pulte Home Corp. v. Parex, Inc., 579 S.E.2d 188, 193 (Va. 2003) (holding that the trial court properly sustained a demurrer to the plaintiff's indemnification claim, since "there ha[d] been no determination that any act or omission of [the defendant] caused the damage" to the property at

5

issue); AMCO Water Metering Sys. v. Travelers Cas. Sur. Co., 2003 U.S. Dist. LEXIS 17758, at *11 (W.D. Va. Sept. 30, 2003) (dismissing an equitable indemnification claim where there had been no prior determination of negligence).

In this case, there has been no prior determination that the negligence of Howell's caused the damage to the windmill blade, and the court agrees with Howell's that DXI's allegation of negligence is not sufficient to satisfy the "prerequisite" set forth in Carr. Accordingly, the court will grant the defendant's motion with respect to this claim.

The court will also grant the defendant's motion with respect to the claim for contribution. Under Virginia law, contribution is a statutory cause of action that is available only to joint tortfeasors. See Va. Code § 8.01-34 ("Contribution among wrongdoers may be enforced when the wrong results from negligence and involves no moral turpitude.") (emphasis added). As the Supreme Court explained in Sullivan v. Robertson Drug Co., 639 S.E.2d 250 (Va. 2007), "[a] right of contribution against a joint tortfeasor lies when one wrongdoer has paid or settled a claim not involving moral turpitude for which other wrongdoers are also liable. The party seeking contribution has the burden of proving that the concurring negligence of the other parties was a proximate cause of the injury for which damages were paid." Sullivan, 639 S.E.2d at 255.

In this case, DXI continues to maintain that there was no concurring negligence, and that the negligence of the defendant's driver was the sole and proximate cause of the damage to the windmill blade. Given DXI's repeated assertion that its driver was not negligent in any way, the court concludes that Howell's is entitled to summary judgment on the claim for contribution. Stated differently, plaintiff's claim for contribution is subsumed by its negligence claim under count one of the complaint.

6

## II. Motion to Exclude

Howell's also moved to preclude DXI from offering expert testimony or other evidence from Don D. Lacy, who was not timely identified by DXI. For the reasons stated during the hearing, the court will deny the motion to exclude. However, the court will grant Howell's the opportunity to identify its own expert witness to address the issues raised in Lacy's expert report. Each side may depose the opposing party's expert orally or by written question.

## Conclusion

For the reasons stated, the plaintiff's motion for partial summary judgment will be denied, the defendant's motion for partial summary judgment will be granted, and the defendant's motion to exclude will be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 5th day of June, 2012.

_____
Chief United States District Judge